HIMANSHU KHATRI (SBN: 348453)
KHATRI LAW
420 GARCES DR
SAN FRANCSICO, CA 94132
(415) 917-5513

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **NAJMUDIN MORRAD,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) *Civil Action No.:* |
| WARDEN, PRAIRIELAND DETENTION | ) |
| CENTER; Enforcement and | ) |
| Removal Operations (ERO); | ) |
| U.S. Immigration and Customs | ) |
| Enforcement (ICE); Department | ) |
| of Homeland Security (DHS), | ) |
| | ) |
| Respondents. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND**

**PRELIMINARY INJUNCTION**

- 1 -

**I. INTRODUCTION**

Petitioner Najmudin Morrad moves this Court for a temporary restraining order and preliminary injunction requiring his immediate release from immigration detention.

Petitioner has now been detained for more than nine months, despite the government's inability to effectuate his removal. An Immigration Judge has already determined that Petitioner cannot be removed to Afghanistan because he faces a likelihood of torture, and Respondents have failed to identify any alternative country willing to accept him. In the absence of any realistic prospect of removal, Petitioner's continued detention has become indefinite and unconstitutional.

The Supreme Court has made clear that such detention cannot be sustained. *Zadvydas v. Davis*, 533 U.S. 678 (2001). Yet Respondents continue to confine Petitioner based on nothing more than speculation.

Because Petitioner is suffering an ongoing deprivation of liberty in violation of the Constitution, immediate injunctive relief is warranted.

**II. LEGAL STANDARD**

A temporary restraining order or preliminary injunction is appropriate where the movant establishes: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) that the threatened injury outweighs any harm the injunction may cause the opposing party; and (4) that the injunction will not disserve the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

Each of these factors strongly favors Petitioner.

**III. ARGUMENT**

**A. Petitioner Is Highly Likely to Succeed on the Merits**

Petitioner's habeas claim is governed by the Supreme Court's decision in *Zadvydas v. Davis*, which limits post-removal-order detention to a period reasonably necessary to effectuate removal. 533 U.S. at 689.

The Court established a six-month presumptive period of reasonableness. After that point, continued detention is permissible only if the government can demonstrate that removal is significantly likely in the reasonably foreseeable future. Id. at 701.

Petitioner has now been detained for over nine months— well beyond the six-month threshold. He has therefore met his initial burden by providing good reason to believe that removal is not reasonably foreseeable.

Respondents cannot meet their corresponding burden for several independent reasons.

First, Petitioner has been granted protection under the Convention Against Torture, which legally prohibits his removal to Afghanistan. This is not a practical obstacle; it is a binding legal constraint.

Second, Respondents have failed to identify any third country willing to accept Petitioner. The mere theoretical possibility that some country might accept him at some point in the future is insufficient. *Zadvydas* explicitly rejected reliance on such speculative possibilities. Id. at 690–91.

Third, there is no evidence of active removal efforts. Respondents have not secured travel documents, initiated meaningful diplomatic negotiations, or provided any timeline for removal.

Under these circumstances, courts routinely conclude that continued detention is unlawful. See *Clark v. Martinez*, 543 U.S. 371, 378 (2005) (applying *Zadvydas* limitations broadly and emphasizing that detention may not continue absent a realistic prospect of removal).

Because Respondents cannot demonstrate a significant likelihood of removal in the reasonably foreseeable future, Petitioner is overwhelmingly likely to prevail on the merits.

**B. Petitioner Is Suffering Irreparable Harm**

The deprivation of physical liberty, even for short periods, constitutes irreparable harm. See *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

Here, Petitioner is subjected to ongoing civil detention without lawful justification. Each additional day of confinement compounds the constitutional injury.

This is not a speculative harm. It is immediate, concrete, and ongoing. Courts consistently recognize that unlawful detention is among the most severe forms of irreparable harm warranting injunctive relief.

Moreover, Petitioner has no alternative remedy. Without judicial intervention, he will remain detained indefinitely.

**C. The Balance of Equities Favors Immediate Release**

The balance of equities weighs decisively in Petitioner's favor.

Petitioner:

- has no criminal history;
- has strong family ties, including a United States citizen child;
- has a stable residence available upon release; and
- poses no danger to the community.

By contrast, Respondents suffer no cognizable harm from releasing Petitioner under appropriate conditions of supervision. The government retains broad authority to impose reporting requirements and other conditions to ensure compliance.

Where continued detention serves no legitimate purpose, the government's interest is minimal at best.

**D. The Public Interest Strongly Supports Injunctive Relief**

The public interest is always served by ensuring that government action complies with the Constitution. See *Nken v. Holder*, 556 U.S. 418, 436 (2009).

Indefinite civil detention without a realistic prospect of removal undermines fundamental constitutional principles. Enjoining such detention promotes, rather than harms, the public interest.

Additionally, the public has no interest in the continued detention of individuals who are neither dangerous nor flight risks and whose removal cannot be effectuated.

**E. Buenrostro-Mendez Does Not Justify Continued Detention**

Respondents may attempt to rely on *Buenrostro-Mendez v. Bondi* to argue that Petitioner's detention remains lawful because removal is theoretically possible. That reliance would be misplaced.

Unlike cases where detention is supported by active and ongoing removal efforts, this case presents no evidence that removal is realistically achievable. Petitioner has been granted protection under the Convention Against Torture, which legally prohibits his removal to Afghanistan. Respondents have not identified any alternative country willing to accept him, nor have they produced evidence of travel document procurement or diplomatic progress.

The Supreme Court has made clear that speculative or theoretical possibilities of removal are insufficient to justify continued detention. *Zadvydas v. Davis*, 533 U.S. 678, 690–91 (2001). The relevant inquiry is whether removal is significantly likely in the reasonably foreseeable future—not whether it is merely conceivable.

Here, Respondents' position rests entirely on conjecture. In the absence of concrete evidence of a viable removal pathway, continued detention is indistinguishable from the indefinite detention that *Zadvydas* forbids.

Accordingly, *Buenrostro-Mendez* does not alter the constitutional analysis and provides no basis for denying relief.

**IV. REQUEST FOR RELIEF**

For the foregoing reasons, Petitioner respectfully requests that this Court:

1. Issue a Temporary Restraining Order requiring Respondents to immediately release Petitioner under appropriate conditions of supervision;

2. Convert the Temporary Restraining Order into a Preliminary Injunction following briefing, if necessary;

3. Grant such other and further relief as the Court deems just and proper.

DATED: 03/17/2026

Respectfully submitted,

Him      tri
Att      Petitioner
(Pro hac vice)
420 Garces Dr
San Francisco, CA 94132
(415) 917-5513