IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| N.M., | § | |
|     PETITIONER, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:26-CV-845-X-BK |
| | § | |
| WARDEN PRAIRIELAND DETENTION | § | |
| CENTER, | § | |
|     RESPONDENT.[1] | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner N.M.'s petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the undersigned United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition when appropriate. Upon review, the petition should be **GRANTED**, and N.M. should be **RELEASED** from detention under an order of supervision.

## I. BACKGROUND

N.M., a native and citizen of Afghanistan, entered the United States in January 2025 without admission or parole. Doc. 1 at 4. A Notice to Appear was issued charging him as an inadmissible alien, and Immigration Customs Enforcement ("ICE") re-detained him on June 24, 2025. Doc. 1 at 4-5; Doc. 10 at 2. On August 29, 2025, an immigration judge ordered N.M.'s

---

[1] The Clerk of the Court is directed to change the caption to reflect that the Warden of the Prairieland Detention Center is the only proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody). All other named respondents will be terminated from this civil action. However, Petitioner may object to this modification within the 14-day statutory objection period.

removal from the United States but granted him protection under the Convention Against Torture ("CAT"), barring his removal to Afghanistan. Doc. 1 at 4-5; Doc. 10 at 2. Subsequently, ICE and the U.S. State Department began efforts to obtain permission for N.M.'s removal to a safe, third-party country. Doc. 1 at 5-6; Doc. 10 at 2.[2]

On March 17, 2026, N.M. filed a petition for writ of habeas corpus challenging his detention pending removal. Doc. 1. He asserts that Respondent has not identified a third country for removal, secured travel documents, or provided a timeline for removal, and, consequently, his removal is not significantly likely to occur in the reasonably foreseeable future. Doc. 1 at 4-6, 8-10. N.M. seeks release under supervision. Doc. 1 at 13-14.

Respondent counters, (1) the "matter is with the State Department," (2) "there is no new information" available, and (3) Respondent is unable "to provide the Court . . . a clear assessment of the likelihood of removal in the reasonably foreseeable future." Doc. 10 at 2-3. In light of the lack of information provided, the Court ordered Respondent to supplement its response addressing with specificity its current removal efforts and whether there is a significant likelihood of removal in the reasonably foreseeable future. Doc. 16. In its response, Respondent reports there are no new developments regarding attempts to remove Petitioner to a third-party country, although global endeavors purportedly continue. Doc. 20. Respondent also concedes that "at this point[,] the government cannot say that a likelihood of Petitioner's removal in the reasonably foreseeable future in fact exists." *Id.*

---

[2] Respondent has not provided the Court a copy of Petitioner's order of removal or filed an appendix of the relevant administrative records.

## II. ANALYSIS

### A. Applicable Law

The detention, release, and removal of aliens subject to a final order of removal is governed by 8 U.S.C. § 1231.  That statute provides that the Attorney General shall remove the alien within a period of 90 days, during which the alien shall be detained.  8 U.S.C. § 1231(a)(1)(A), (a)(2).  However, certain aliens—including those who are (1) inadmissible, (2) removable because of certain violations, or (3) are a risk to the community or unlikely to comply with the removal order—may be detained beyond that time.  8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court addressed detention of aliens beyond the initial 90-day removal period authorized under 8 U.S.C. § 1231(a)(6).  The Court held that detention under § 1231(a)(6) may not continue indefinitely, and that six months, counted from the date the order of removal becomes final, is a presumptively reasonable period of detention to secure an alien's removal from the United States.  *Zadvydas,* 533 U.S. at 700-701.  After the expiration of six months, if "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Id.* at 701.  The Supreme Court emphasized that the "6-month presumption . . . does not mean that every alien not removed must be released after six months.  To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  *Id.*  And even "if removal is reasonably foreseeable, the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period."  *Id.* at 700.

3

When an alien is not removed within the presumptively reasonable six-month period, the alien bears the initial burden of proving that a likelihood of removal in the reasonably foreseeable future does not exist. *Zadvydas*, 533 U.S. at 701. "A 'lack of visible progress' in the removal process 'does not in and of itself meet [a petitioner's] burden of showing that there is no significant likelihood of removal.'" *Ali v. Johnson*, No. 3:21-CV-00050-M-BT, 2021 WL 4897659, at * 2 (N.D. Tex. Sept. 24, 2021) (citation omitted), *rec. adopted,* 2021 WL 4893605 (N.D. Tex. Oct. 20, 2021). But if the alien makes the initial showing, "the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. And what constitutes the "reasonably foreseeable future" will depend on the length of detention. *Id.* Indeed, "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*.

**B. Petitioner's Detention is no Longer Authorized**

N.M. has been in ICE detention for one year—far longer than *Zadvydas'* presumptively reasonable six-month period. Further, N.M.'s arguments that removal is not realistically feasible in the near future are not conclusory. Doc. 1 at 8-13. Thus, N.M. has met his initial burden to show that a likelihood of removal in the reasonably foreseeable future does not exist.

Respondent acknowledges that (1) he "cannot point to any additional facts that would be more specific to [N.M.'s] attempted removal" and (2) "the government cannot say that a likelihood of [N.M.'s] removal in the reasonably foreseeable future in fact exists." Doc. 20 at 1. Consequently, Respondent has failed in his burden to rebut N.M.'s showing. *See Clark v. Martinez*, 543 U.S. 371, 386 (2005) (finding that respondent "brought forward nothing to indicate that a substantial likelihood of removal subsists despite the passage of six months[.]"); *Yaghoubi Yeganeh v. Warden, Bluebonnet Det. Facility*, No. 1:25-CV-121-H, 2025 WL

4

4722526, at *5 (N.D. Tex. Dec. 15, 2025) (Hendrix, J.) (ordering the release of a detainee because the respondents could not provide "a clear assessment of the likelihood of removal in the reasonably foreseeable future" (cleaned up)).

## III. CONCLUSION

Because N.M. has demonstrated "no significant likelihood of removal in the reasonably foreseeable future," *Zadvydas*, 533 U.S. at 701, his continued detention is no longer authorized under § 1231(a)(6), and his petition for writ of habeas corpus should be **GRANTED**.  The Court should thus order N.M.'s release from detention under an order of supervision.

**SO RECOMMENDED** on June 25, 2026.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).