IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAJMUDIN MORRAD, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | No. 3:26-CV-0845-X-BK |
| | § | |
| WARDEN OF PRAIRIELAND | § | |
| DETENTION CENTER, | § | |
| | § | |
| *Respondent.* | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. (Doc. 21). No objections were filed. The District Court reviewed the proposed findings, conclusions, and recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

The detention, release, and removal of aliens subject to final removal orders are governed by 8 U.S.C. § 1231. Although section 1231(a)(6) permits the continued detention of inadmissible aliens beyond the 90-day removal period, it says nothing about how long that detention may continue. Concerned that the statute's literal text may permit indefinite detention, the Supreme Court found section 1231(a)(6) authorized detention only for "a period reasonably necessary to bring about th[e] alien's removal from the United States."[1]  Thus, "once removal is no longer reasonably

---

[1] *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) (emphasis excluded).

1

foreseeable, continued detention is no longer authorized," the alien becomes eligible for release under an Order of Supervision.[2]  To spare lower courts from making a fact-intensive determination in every case, the Supreme Court simply declared six months to be the "presumptively reasonable period of detention."[3]  The Court's explanation for why it chose six months as the appropriate benchmark, rather than four or eight, was because it has created similar presumptions in other cases.[4]  After the six-month period of detention expires, the alien need only provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."[5]  If the alien does so, the burden shifts to the Government to "respond with evidence sufficient to rebut that showing."[6]

Here, Najmudin Morrad has been in ICE custody for over a year.[7]  Under the *Zadvydas* standard, he must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."[8]  He has. Morrad asserts that Respondents have neither identified a third country willing to accept him, secured travel documents, nor provided any timeline for his removal;

---

[2] *Id.* at 699.

[3] *Id.* at 700–01.

[4] *Id.* at 701.

[5] *Id.*

[6] *Id.*

[7] Doc. 1 at 2.

[8] *Zadvydas*, 533 U.S. at 701.

therefore, his removal is not significantly likely to occur in the reasonably foreseeable future.[9]

While the Court affords substantial deference to the Executive Branch in immigration matters, *Zadvydas* makes clear that deference has its limits.[10]  And here, Respondent has not rebutted Morrad's showing.  Indeed, Respondent candidly concedes that there have been no new developments regarding third-country removal and that, although efforts continue, "at this point the government cannot say that a likelihood of Petitioner's removal in the reasonably foreseeable future in fact exists."[11]

**IT IS THEREFORE ORDERED** that the Court **GRANTS** Najmudin Morrad's habeas corpus petition under 28 U.S.C. § 2241 and Respondent is **ORDERED** to release Najmudin Morrad from the Prairieland Detention Center on an Order of Supervision within 24 hours of this Order.[12]  Upon Najmudin Morrad's release, Respondent is **ORDERED** to file a written notice on the docket notifying the parties and the Court.

**IT IS SO ORDERED** this 20th day of July, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[9] Doc. 1 at 6, 9–10.

[10] *Zadvydas*, 533 U.S. at 700–01.

[11] Doc. 20 at 1.

[12] *See* 8 U.S.C. § 1231(a)(3).

3